Smith, J.
This was an action of trover to re- •¶ y « m» -i cover a negro man., named horns. ihe only ception taken by defendant is, that a witness, Mr. Dela Lande, had not proved the hand-wri tina: of . 1 ° defendant to a certain deed of defeasance, the wit-iiess having said that he had been acquainted with the writing of Mr. Dela Combe, and believed the signature shewn to him to be his writing; Mr. Cog-dell, defendant’s counsel, offered affidavits to explain what the witness intended to say, and to show that Mr. Dela J^ande, had never seen Mr. Dela Combe write; and Mr. Cogdell insisted that the expressions pi- . , ; . 01 the witness were not sufficient to authorise this evidence to go to the jury. It is true the witness did not say he had seen Dela Combe write, but he has said that he knew his writing, and believed the signature to be his. He might have been asked if he had seen Dela Combe write, or had known his hand-writing in the course of a written correspondence ; if he had said, no, then it would have been clear that the evidence was insufficient. But, on a motion for a new trial, it is too late to ascertain what the witness would have said had he been asked. From his answer, we must take it that he had seen Dela Combe write; and his saying he believed the *626 signature to be dela Combe's, was proof strong' enough to go to a jury. It is every day’s practice jn our own courtS;, and warranted by the English law Macnally, 421. On this ground, I am, therefore, of opinion, the new trial ought not to be granted.
Justices Colcock, Nott and Grimke concurred.